UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANUEL LAZO,

                Plaintiff,

v.

RAYS INC. 1, et al.,

                Defendants.

23 Civ. 6939 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

    On June 28, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* ECF No. 21. Plaintiff's counsel also requests approval of attorney's fees and costs. *See id.* at 4. Attached to the letter motion are the executed settlement agreement, *see* ECF No. 21-1; an invoice for legal services, *see* ECF No. 21-2; and a proposed order dismissing the case, *see* ECF No. 21-3.

    In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (further outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015). Having reviewed the parties' settlement agreement, the Court holds that it is hereby **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.

    After accounting for attorney's fees and costs, Plaintiff will receive $19,609.98. *See* ECF No. 21-1 at 2. The parties' joint letter explains that Plaintiff worked for Defendants from 2016

until around June 6, 2023. *See id*. Between August 2017 and December 2017, Plaintiff was paid a salary of $400.00 per week; between January 2018 and December 2019, he was paid $550.00 per week; and between January 2020 and June 6, 2023, he was paid $600.00 per week, regardless of time worked, in violation of minimum wage and overtime laws. *See id*. Per the joint letter, "had he prevailed at trial on all of his claims, [Plaintiff] would have recovered approximately $186,762 in unpaid minimum wages, overtime compensation, and 'spread of hours' premium with an equal amount in liquidated damages." *Id*. at 2-3.

The parties represent that this settlement agreement was reached as a result of extensive arm's length negotiations between experienced counsel—and that it took place before a court-appointed, neutral, and experienced, arms-length mediator, over two separate mediation sessions. *See id*. at 4. Courts typically regard the adversarial nature of a litigated FLSA case and arm's-length bargaining to be indicators of the fairness of the settlement. *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *9 (S.D.N.Y. Apr. 2, 2013); *Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165, 2020 WL 5578357, at *2 (S.D.N.Y. Sept. 17, 2020) ("[W]hether the settlement agreement is the product of arm's-length bargaining between experienced counsel" is a significant factor in assessing the fairness of an agreement.") (cleaned up).

Courts further consider "the seriousness of litigation risks faced by the parties" and "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (cleaned up). Here, "it was the defendants' extreme financial hardship that was the driving force behind the parties' settlement." ECF No. 21 at 3. Given those hardships, Defendants "sought to settle this case to avoid the expenses of protracted litigation. And, similarly, faced with significant collectability issues, [P]laintiff chose to settle

his claims now rather than face the real possibility of obtaining an empty judgment." *Id.* The parties believe the settlement amount reflects a fair compromise, considering the litigation risks faced by each, and the collection risks faced by plaintiff. Plaintiff's recovery is not out of line with settlements approved in this District. *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case scenario" for the plaintiff). Particularly in light of the circumstances, the Court finds no fairness concerns with the compromise reached by the parties.

It is further **ORDERED** that Plaintiff's counsel's request for attorney's fees and costs is **GRANTED**. Plaintiff's counsel requests $9,803.52 in legal fees and $586.50 in costs. *See* ECF No. 21 at 4. Plaintiff's counsel submits detailed time records documenting their work in connection with this matter. *See generally* Dkt. No. 26-2. They use hourly rates of $400 per hour for attorneys—a figure that has been approved in similar cases. *See Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by*, 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022). Using these figures gives a lodestar amount of $14,170, which exceeds counsel's requested legal fees, making the requested fees presumptively reasonable. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (approving fee request as reasonable where the lodestar amount exceeded the requested fees). Counsel also provides sufficient documentation in support of its requested amount for costs. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients. The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." (cleaned up)).

The settlement agreement poses none of the equity concerns outlined by *Cheeks* and its progeny. It is therefore approved as fair and reasonable. Accordingly, any pending motions are moot. All conferences are canceled. An order will issue separately allowing the Court to retain jurisdiction solely for purposes of enforcing the parties' settlement agreement.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: July 2, 2024
       New York, New York

                                                DALE E. HO
                                   United States District Judge